IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| KENNETH W. SIMMONS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.  08-CV-1337 |
| ) | |
| SGT. CATTON, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Before the Court is Defendants' Second Motion to Dismiss (d/e 71), *pro se* Plaintiff's Motion to Strike Defendants' Second Motion to Dismiss (d/e 73), *pro se* Plaintiff's Motion for Answer to Complaint (d/e 74), Defendants' Memorandum in Support of Authority to Consider Defendants' Second Motion to Dismiss and Response to Motion Strike (d/e 76), and Defendants' Response to Plaintiff's Motion for Answer (d/e 77).   For the reasons explained below, the Court recommends that Defendants' Motion (d/e 71) be denied, and Plaintiff's Motions (d/es 73, 74) be allowed.

## Background

The Court adopts the procedural history as set forth by Defendants in their Memorandum (d/e 76), pages 1-5. The history is accurate.

## Analysis

Federal Rule of Civil Procedure 12(g)(2) provides:

> **(2) *Limitation of Further Motions.*** Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

*See also* 1966 Amendment Comments to Rule 12(g)("This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case.").

In their present motion to dismiss (d/e 73), Defendants make new arguments for dismissal which they did not make in their original motion to dismiss (d/e 39).

The issue is not the merits of the Defendants' new arguments for dismissal. The issue is whether the Defendants should be permitted to make these new arguments in a second motion to dismiss even though they did not object to the Report and Recommendation concerning the

ruling on Defendants' first motion to dismiss (d/e 39).   This is the classic "two bites at the apple" analogy.   The Defendants assert that they can raise new grounds for dismissal because the Courts expanded the possible *pro se* claims in the Report and Recommendation (d/e 63).

   The Defendants could perhaps have filed an answer and then brought a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), since that motion would not be barred by Rule 12(g)(2).  Fed. R. Civ. P. 12(g)(2)("Except as provided in Rule 12(h)(2) or (3) . . ."); Fed. R. Civ. P. 12(h)(2)(B)(failure to state a claim may be raised by 12(c) motion).[1]   Even if Defendants had filed a proper Rule 12(c) motion, though, this Court would recommend that the motion be denied because the new arguments have been waived for purposes of the motion to dismiss stage.  Local Rule 72.2 states that "[f]ailure to file an objection to a report and recommendation shall constitute waiver of further review of the issue."   This Court made certain recommendations in this case (see d/e 63).  The Defendants filed no objections and should not be permitted a second bite at that apple.  *See* Rule 72.2 ("such objection shall specifically identify the portions of the report and recommendation to which objection is made and the basis for

---

[1] A court can convert a Rule 12(b)(6) motion to a Rule 12(c) motion, if the motion is filed after the answer.

the objection . . . ."); *see also* Blaz v. Michael Reese Hosp. Foundation, 191 F.R.D. 570, 572 (N.D. Ill. 1999)(defendants failure to make argument in motion to dismiss waived that argument for purposes of motion to dismiss). A different result would circumvent Rule 72.2 and would substantially impede the efficient progress of cases in the Court's view, by allowing parties to present their arguments for Rule 12 dismissal in piecemeal fashion.

In sum, though the Court believes that the Defendants new arguments may have merit, the Court also believes that the Defendants have waived their opportunity to make the arguments in a Rule 12 motion, based on Fed. R. Civ. P. 12(g)(2), Local Rule 72.2, and principles of waiver. The Defendants can make these arguments at summary judgment.[2]

WHEREFORE, the Court RECOMMENDS that Defendants' Second Motion to Dismiss (d/e 71) be DENIED, and that *pro se* Plaintiff's Motion to Strike Defendants' Second Motion to Dismiss (d/e 73) and Motion for Answer to Complaint (d/e 74) be ALLOWED. It is further RECOMMENDED

---

[2] A summary judgment motion can be filed at any time by Defendants on these "new" issues. Herein, Defendants have lost a procedural battle, not lost the war.

that Defendants' answer Plaintiff's Final Amended Complaint (d/e 38) by a date certain.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER: November 5, 2009

*s/ Byron G. Cudmore*

_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE